IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No.: 13 C 5439 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| GERALD PITTMAN, | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gerald Pittman has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, alleging three grounds upon which his sentence of 360 months imprisonment should be amended. Respondent, the United States of America, opposes the motion. For the reasons described below, petitioner's motion is denied.

## BACKGROUND

In May 2000, petitioner was charged with a single count of participating in a narcotics conspiracy in violation of 21 U.S.C. § 846. Petitioner and nine of his co-defendants were tried together. A jury found all ten defendants who went to trial guilty of the narcotics conspiracy. Each of the ten defendants, including petitioner, filed motions for a new trial. Petitioner alleged that he was entitled to a new trial because he had been denied his right to testify. The court subsequently denied the motion. A hearing was held to determine the drug quantities for which each defendant was responsible. On May 9, 2002, petitioner was sentenced to life imprisonment.

In October 2002, petitioner filed a pro se motion to vacate the judgment of conviction, which was later withdrawn. On December 8, 2005, the Seventh Circuit affirmed petitioner's conviction but remanded petitioner's sentence to this court in accordance with United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). On March 7, 2008, the court re-sentenced petitioner to a

360-month term of imprisonment. Petitioner subsequently appealed his new sentence, and the Seventh Circuit again remanded, this time in light of Kimbrough v. United States, 552 U.S. 85 (2007). On May 20, 2011, the court re-sentenced petitioner to a 360-month term of imprisonment. On August 1, 2012, the Seventh Circuit affirmed petitioner's sentence.

Petitioner timely filed the instant § 2255 petition, alleging two grounds of relief. Petitioner subsequently filed a supplement to his § 2255 petition adding an additional ground to his petition. Petitioner asserts that his petition should be granted because: (1) he was denied effective assistance of counsel as a result of poor advice when his trial counsel improperly advised him that he faced a maximum sentence of 20 years if convicted at trial, that he had a chance of winning at trial, and that the evidence against him was not particularly strong (Ground One); (2) his due process rights were violated because the drug type was not determined by the jury (Ground Two); and (3) his due process rights were violated because the drug amounts and type found by the jury were not included in the indictment (Ground 3).[1]

## DISCUSSION

**A.     Legal Standards**

Section 2255 allows a person convicted of a federal crime to move the court to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations

---

[1] Although respondent addresses only two grounds upon which petitioner seeks relief, the court notes that petitioner does in fact allege three grounds for relief. Accordingly, the court addresses all three.

2

omitted).  The record is reviewed and all reasonable inferences are drawn in favor of the government.  See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000).

Section 2255 petitioners are subject to various bars, including procedural default.  The Seventh Circuit has noted that § 2255 petitions are "neither a recapitulation of nor a substitute for direct appeal."  McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (internal quotations omitted).  Therefore, a § 2255 petition cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal, unless the petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.  See Belford v. United States, 975 F.2d at 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).  An ineffective assistance of counsel claim may be brought in a § 2255 motion regardless of whether the claim was raised on appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).

**B.     Ineffective Assistance of Counsel — Ground One**

Petitioner's main complaint, and the only complaint addressed in his supporting memorandum and affidavit, concerns alleged ineffective assistance of counsel he received in connection with a plea offer the government purportedly extended to him.  Petitioner alleges that at the beginning of his trial, his attorney, John Theis, informed him that the government had offered him a plea agreement in which it would suggest a 14-year sentence.  In response to questions from petitioner, counsel allegedly told him that the maximum amount of time he could receive if found guilty at trial was 20 years' imprisonment.  Petitioner's lawyer also allegedly

3

told petitioner that he thought petitioner had a "good shot" of winning at trial because "a lot of evidence [did] not pertain to [him]."

Based on this advice, petitioner contends that he decided not to accept the purported plea offer and proceed to trial. According to petitioner, while the jury was deliberating, his attorney informed him that "a plea agreement [was] still on the table," but did not provide any additional information. Petitioner contends that he assumed the offer consisted of the same terms as the earlier offer and, therefore, again chose not to accept it. Petitioner now argues that if he had known he faced at least 20 years in prison following a guilty verdict,[2] and if his attorney had not told him he had a good shot of winning at trial, he would have accepted the government's plea offer and not have gone to trial. Accordingly, petitioner contends that he was denied effective assistance of counsel in violation of his Sixth Amendment rights.

Respondent first argues that petitioner's ineffective assistance of counsel claim should be rejected because his accusations regarding an alleged plea offer lack credibility. Respondent contends that petitioner cannot establish that his attorney's performance was deficient because there is no evidence that the government ever made a formal plea offer, much less an offer that involved a 14-year term of imprisonment. Respondent alleges that after scouring the files associated with this case it did not find a single record related to a plea agreement offered to petitioner. In addition to lacking evidence of a plea offer, respondent argues that "it is illogical for a defendant who: (1) was a career offender; (2) was alleged to have moved kilogram

---

[2] Petitioner's initial Presentence Investigation Report calculated his offense level as 43 and his criminal history level as VI. Accordingly, petitioner was a career offender and faced a statutory mandatory minimum of 20 years imprisonment and a guideline sentence of life imprisonment.

quantities of controlled substances; and (3) was not a cooperator, [to] receive a discount from life imprisonment to 14 years' imprisonment." Moreover, respondent contends that a plea agreement offering petitioner a 14-year term of imprisonment is inconsistent with the treatment of his other co-defendants and the general practices of the United States Attorney's Office. For example, one of petitioner's co-defendants, David Hernandez, received a 25-year term of imprisonment following a plea agreement. Hernandez's criminal history was less than petitioner's, and he provided the government with substantial assistance.

Respondent also argues that petitioner's allegations regarding the plea offer should be discounted because they contradict his previous claims. Specifically, at petitioner's second sentencing hearing on March 7, 2008, petitioner's counsel, with petitioner present, stated that petitioner proceeded to trial because "the drug amount that was alleged by the Feds was not something [petitioner] felt that he was responsible for," and when the government "insisted on holding [petitioner] responsible for the entire conspiracy . . . he chose to go to trial so that he could perhaps testify about his responsibility in this conspiracy." Petitioner's counsel also stated that petitioner proceeded to trial because "[h]e wanted to testify about the drug quantity." Based on these statements, respondent argues that petitioner cannot now claim that he proceeded to trial because he was misled by the advice of his counsel. The court agrees.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that, (1) his counsel's performance was deficient (the performance prong), and (2) counsel's deficient performance "prejudiced his defense" such that it is reasonably likely that, but for his counsel's errors, the result of the proceeding would have been different (the prejudice prong). Strickland v. Washington, 466 U.S. 668, 687, 696 (1983); Whitman v. Bartow, 434 F.3d 968, 972 (7th Cir.

5

2006). To show that counsel's performance was deficient, the petitioner must demonstrate that the representation "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." Id. at 690. To satisfy the prejudice prong, counsel's errors must be so serious as to have deprived the petitioner of a fair trial (i.e., one in which the result is reliable). See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Even assuming, *arguendo*, that the government did offer petitioner a 14-year plea agreement, petitioner must demonstrate that his counsel's advice regarding the offer was unreasonable and fell "outside the wide range of professionally competent assistance." Hutchings v. United States, 618 F.3d 693, 697 (7th Cir. 2010) (internal quotations omitted). As respondent notes, a court's review of trial counsel's performance is "highly deferential" and presumes that "counsel's conduct falls within the wide range of reasonable professional assistance." Koons v. United States, 639 F.3d 348, 351 (7th Cir. 2011) (internal quotations omitted). Moreover, when a petitioner's claim involves allegations of misinformation from counsel regarding the possible length of his sentence during plea negotiations, the petitioner "must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence." United States v. Cieslowski, 410 F.3d 353, 358-59 (7th Cir. 2005), cert. denied, 546 U.S. 1097 (2006). While "a gross mischaracterization of the sentencing consequences of a plea may strongly indicate deficient performance, it is not proof of deficiency." Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006). Here, petitioner has not presented any evidence that his attorney failed to learn the facts of his case or make a good-faith determination of his likely sentence.

Conversely, the record establishes that petitioner's lawyer did undertake efforts to determine his sentence. For example, counsel made numerous objections to petitioner's status as a career offender during the sentencing phase, arguing that certain convictions were "too remote in time" and that other past convictions were in fact a part of the present conspiracy. While counsel may have genuinely, but mistakenly, believed that petitioner did not qualify as a career offender at trial, petitioner has not shown that his belief was not for lack of a good-faith effort. See Id. at 718 (Even if "the effect of the mistake was a rather large discrepancy in the possible sentence predicted, the error could have been based on a subtle misinterpretation of [the petitioner]'s state court criminal record."). Because "[a]n inaccurate prediction of a sentence alone is not enough to meet the [performance prong] standard," id. at 717, petitioner's allegation that his attorney assured him that he was facing a maximum sentence of only 20 years if found guilty at trial, even if accepted as true, falls short of satisfying the first prong of Strickland.

Additionally, "[i]n the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the [government]'s case." McMann v. Richardson, 397 U.S. 759, 769 (1970). Often, advising a defendant to go to trial rather than accept a plea offer from the government "entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken." Id. at 770. Therefore, petitioner's claim that his attorney's performance was deficient because the attorney allegedly advised him that he had a good shot of winning is not sufficient to show that his attorney's performance fell below an objective standard of reasonableness.

Even if petitioner's claim satisfied the performance prong, which it does not, he would still need to establish prejudice.[3] See Strickland, 466 U.S. at 692. In fact, failing to satisfy the prejudice prong warrants denying petitioner's claim regardless of whether he satisfies the performance prong. See Belford, 975 F.2d at 315. The prejudice prong requires that a petitioner "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, because the result here—a guilty conviction—would have been the same whether petitioner had accepted the plea offer or had been found guilty at trial, the standard is slightly different. In cases involving ineffective assistance of counsel claims where a petitioner allegedly did not accept a plea offer based on advice of counsel, "the petitioner must prove that there is a reasonable probability that he would [] have pled guilty absent his attorney's deficient conduct." Hutchings, 618 F.3d at 697. Therefore, petitioner, who claims he would have accepted the government's alleged plea offer absent his counsel's advice, "must do more than simply allege that he would have insisted on [not] going to trial; he must also come forward with objective evidence that he would [] have pled guilty." Id. (internal quotations omitted). This objective evidence requirement is necessary because "the mere allegation by the defendant that he would have insisted on [not] going to trial is insufficient to establish prejudice." Id. (internal quotations omitted). A petitioner's subjective testimony can be considered by the court, "[b]ut such a statement can support a finding of prejudice [only] if combined with probative, objective evidence." Id. Objective evidence provided by the petitioner usually "includes the

---

[3] Contrary to respondent's contention, the court notes that petitioner did in fact address the prejudice prong in his memorandum of law.

nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations." Id.

Petitioner has not submitted any objective evidence to support his claim that he was prejudiced by counsel's allegedly deficient advice. Although petitioner states in his affidavit that his attorney conveyed to him that the government had offered him a 14-year sentence in exchange for his guilty plea, he points to no objective evidence that a plea was ever offered. Respondent found no evidence that a plea offer was ever made to petitioner, let alone one that agreed to suggest a 14-year sentence. Petitioner attempts to clarify that there was never actually a "binding plea agreement" but, instead, that there was merely "an offer of a plea agreement" conveyed to his attorney. This, however, does not make his claim more objective.

More significantly, even if petitioner had provided objective evidence, his claim that he would have pled guilty if not for the alleged misinformation from his trial counsel contradicts his attorney's[4] statements at his re-sentencing hearing on March 7, 2008. As respondent points out, petitioner's counsel, with petitioner present, stated at the hearing that petitioner chose to go to trial so that he could "perhaps testify about his responsibility" in the conspiracy, specifically that he held a leadership role. Counsel additionally stated that petitioner wanted to testify about the drug type and quantity for which he was responsible. In fact, petitioner states in his most recent affidavit that he rejected the first "plea offer" because he wanted to go to trial to clear his name. Petitioner writes, "Ultimately I thought my involvement in the case was mischaracterized and at best, at a minimum [sic]." Petitioner's affidavit affirms that the statements made by his lawyer

---

[4] At his re-sentencing hearing in March 2008, petitioner was represented by a different attorney than the one who is the subject of his instant ineffective assistance of counsel claim.

9

at his re-sentencing hearing were correct. Petitioner cannot now, without justification, disaffirm his past statements to better suit his present claim for relief. See Bethel, 458 F.3d at 719 (noting that the petitioner's statements alleging ineffective assistance of counsel directly contradicted earlier statements he made at a plea hearing); see also United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) ("[j]udges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the [earlier] proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction.").

In his § 2255 motion, petitioner requests an evidentiary hearing on his ineffective assistance of counsel claim. An evidentiary hearing should be granted "when the petitioner alleges facts that, if proven, would entitle him to relief." Sandoval v. United States, 574 F.3d 847, 850 (7th Cir. 2009) (internal quotations omitted). However, the court need not hold an evidentiary hearing "where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Torzala v. United States, 545 F.3d 517, 525 (7th Cir. 2008) (internal quotations omitted). Because petitioner has not met his burden under Strickland, he is not entitled to an evidentiary hearing.

**C.      Due Process Violation (Drug Type) — Ground Two**[5]

Petitioner's second ground for relief is essentially comprised of two parts. Petitioner first alleges that his due process rights were violated when the judge rather than the jury decided the

---

[5]As previously discussed, petitioner raised several claims in his initial petition that he fails to address in his Memorandum in Support of Relief Pursuant to Title 28 U.S.C. § 2255 on Constitutional Grounds. Nonetheless, while petitioner has clearly not met his burden with respect to these claims, the court addresses each additional ground below.

drug type. Petitioner next alleges that trial counsel was ineffective for not objecting to the court's drug quantity finding and type finding.

As previously discussed, issues petitioner already raised on direct appeal cannot be brought in a motion under § 2255 unless circumstances have changed. See Belford, 975 F.2d at 313. Since petitioner previously raised the first part of his Ground Two claim on appeal and he has provided no evidence that circumstances have changed, this court is barred from considering the claim again.

Although alleged as a violation of due process, the second part of petitioner's Ground Two claim appears to instead allege ineffective assistance of counsel separate from the claims already made in Ground One. As stated previously, an ineffective assistance of counsel claim may be brought in a § 2255 motion regardless of whether it was raised on appeal. See Massaro, 538 U.S. at 504. The petitioner, however, bears the burden of persuasion, and "unsubstantiated and largely conclusory statements fall far short of carrying his burden of persuasion as to the two elements of the test outlined in Strickland." United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005). Because petitioner fails to provide evidence to support relief on this ground, the court denies petitioner's claim.

**D. Due Process Violation (Drug Type and Quantity Not Identified in Indictment) — Ground Three**

Petitioner's third, and final, ground for relief, which is raised in a supplement to his § 2255 motion, alleges that his due process rights were violated because the drug amounts and type were not included in the indictment. Petitioner, as such, contends that he was not properly notified of the charges against him. As noted above, a § 2255 motion cannot raise constitutional

11

claims that were not directly appealed.  See Belford, 975 F.2d at 313.  Accordingly, the court denies petitioner's third ground for relief.

## CONCLUSION

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is denied.

**ENTER:** **June 24, 2015**

_____
**Robert W. Gettleman**
**United States District Judge**